IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01678-WYD-CBS

COMPETITIVE TECHNOLOGIES, INC., a Delaware corporation,

     Plaintiff,

v.

CAROLINA LIQUID CHEMISTRIES CORPORATION, a Delaware corporation,

     Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

It is hereby ORDERED that:

1.      All Classified Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

2.      "Classified Information," as used herein, means any information of any type, kind or character which is designated "Confidential" or "Confidential - Attorneys' Eyes Only" by any of the supplying or receiving parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise.  In designating information as "Confidential" or "Confidential - Attorneys' Eyes Only", a party will make such designation only as to that information that it in good faith believes contains confidential information.  Information or material which is available to the public, including catalogues, advertising materials, and the like shall not be classified.

3.      "Qualified Persons," as used herein means:

(a)      Attorneys of record for the parties in this litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

(b)      Actual or potential independent technical experts or consultants (and their staff), who have been designated in writing by notice to all counsel at least ten days prior to any disclosure of "Confidential" or "Confidential - Attorneys' Eyes only" information to such persons, and who have signed a document agreeing to be bound by the terms of this protective

order (such signed original document to be held by Counsel for the  party which retained the

expert with copies to be served on all Counsel);

(c)     Three  party representatives (in cases where the party is a legal entity) who shall

sign a document agreeing to be bound by the terms of this protective order (such signed

document to be held by Counsel for the party representative with copies to be served on all

Counsel );

(d)     Stenographic, videographic, or clerical personnel necessary to the taking of any

testimony regarding Classified Information;

(e)     Independent third parties specifically retained for the limited purpose of assisting

the attorneys of record in copying, imaging, and/or coding of documents, and/or the preparation

of trial exhibits, as set forth in paragraph 7 below, provided that all such confidential documents

are kept in a secure place;

(f)     Persons noticed for depositions or designated as witnesses for any trial or hearing

to the extent that such person is indicated on the document as being an author, source or

recipient of the "Confidential" or "Confidential – Attorneys' Eyes Only" information as set forth

in paragraph 11.

(g)     Any person to whom the designating party agrees in writing;

(h)     The Court and the Court's staff provided the "Confidential" and "Confidential –

Attorneys' Eyes Only" information is filed under seal; and

(i)     If this Court so elects, any other person may be designated as a Qualified Person

by order of this Court, after notice and hearing to all parties.

4.      Documents produced in this action may be designated by any party or parties as "Confidential" or "Confidential -Attorneys' Eyes only" information by marking each page of the document(s) so designated with a stamp stating "Confidential" or "Confidential - Attorneys' Eyes Only".

In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

5.      Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party) may be designated by any party as "Confidential" or "Confidential - Attorneys' Eyes Only" information by indicating on the record at the deposition that the testimony is "Confidential" or "Confidential - Attorneys' Eyes Only" and is subject to the provisions of this Order.

Any party may also designate information disclosed at such deposition as "Confidential" or "Confidential - Attorneys' Eyes Only" by notifying all of the parties in writing within fourteen (14) days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as "Confidential" or "Confidential - Attorneys' Eyes Only" thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control.  All deposition transcripts shall be treated as "Confidential - Attorneys' Eyes Only" for a period of fourteen (14) days after the receipt of the transcript.

To the extent possible, the party designating deposition information shall request that the court reporter shall segregate into separate transcripts information designated as "Confidential" or "Confidential - Attorneys' Eyes Only", with blank, consecutively numbered pages being provided in a nondesignated main transcript.  The separate transcript containing "Confidential" and/ or "Confidential - Attorneys' Eyes Only" information shall have page numbers that correspond to the blank pages in the main transcript.

6.      (a)    "Confidential" information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons.  Information designated as "Confidential - Attorneys' Eyes Only" shall be restricted in circulation to Qualified Persons described in Paragraphs 3(a)-(b) and (d)-(i) above.

(b)      Copies of "Confidential - Attorneys' Eyes Only" information provided to a receiving party shall be maintained in the offices of outside counsel for Plaintiff(s) and Defendant(s).  Any documents produced in this litigation to Qualified Persons of Paragraph 3(b), regardless of classification,  shall be maintained  at the office of such Qualified Person..

7.      Copies of documents produced under this Protective Order may be made, or exhibits prepared, by independent copy services, printers or illustrators for the purpose of this litigation.

8.      If either party is required to produce documents, make other written discovery responses, or give deposition testimony prior to the entry of this Protective Order, that party will be permitted to designate documents, discovery responses, and/or deposition testimony as "Confidential" and/or "Confidential - Attorneys' Eyes Only" in compliance with this Protective Order.  Each party will honor such designations as if this Protective Order were in effect.  The

designations will remain effective after the entry of this Protective Order, with no further action required by the designating party.

9.      Documents unintentionally produced without designation as "Confidential" or "Confidential - Attorneys' Eyes Only" may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

10.     Documents to be inspected shall be treated as "Confidential - Attorneys' Eyes Only" during inspection.  At the time of copying for the receiving parties, such inspected documents shall be stamped prominently "Confidential" or "Confidential - Attorneys' Eyes Only" by the producing party or designated as "Confidential" or "Confidential - Attorneys' Eyes Only" by a party to this lawsuit.

11.     Nothing herein shall prevent disclosure beyond the terms of this order if each party designating the information as "Confidential" or "Confidential - Attorneys' Eyes Only" consents, in writing, to such disclosure or, if the court, after notice to all affected parties, orders such disclosures.  Nor shall anything herein prevent any counsel of record from utilizing "Confidential" or "Confidential - Attorneys' Eyes only" information in the examination or cross-examination of any person (whether at or in preparation for a deposition, hearing, or trial) who is indicated on the document as being an author, source or recipient of the "Confidential" or "Confidential - Attorneys' Eyes Only" information, irrespective of which party produced such information.

12.     A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "Confidential - Attorneys' Eyes Only" at the time made, and a failure to do so

shall not preclude a subsequent challenge thereto.  In the event that any party to this litigation

disagrees at any stage of these proceedings with the designation by the designating party of any

information as "Confidential" or "Confidential - Attorneys' Eyes Only", or the designation of

any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith

on an informal basis, such as production of redacted copies.  If the dispute cannot be resolved,

the objecting party shall file an appropriate motion with the Court challenging the designation.

Information and materials designated as "Confidential" or "Confidential - Attorney Eyes' Only"

shall remain under the protection of this protective order until there is an order of the Court to

the contrary or until there is an express written agreement between the parties.

13.     The parties may, by stipulation, provide for exceptions to this order and any party

may seek an order of this Court modifying this Protective Order.

14.     Nothing shall be designated as "Confidential -  Attorneys' Eyes Only"

information except information of the most sensitive nature, which if disclosed to persons of

expertise in the area would reveal significant technical or business advantages of the producing

or designating party, and which includes as a major portion subject matter which is believed to

be unknown to the opposing party or parties, or any of the employees of the corporate parties.

Nothing shall be regarded as "Confidential" or "Confidential - Attorneys' Eyes Only"

information if it is information that either:

(a)     is in the public domain at the time of disclosure, as evidence by a written

document;

(b)     becomes part of the public domain through no fault of the other party, as

evidenced by a written document;

(c)     the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

(d)     the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

15.     In the event a party wishes to use any "Confidential" or "Confidential - Attorneys' Eyes Only" information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such "Confidential" or "Confidential - Attorneys' Eyes Only" information used therein shall be filed under seal with the Court.

16.     The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this litigation which have been designated, in whole or in part, as "Confidential" or "Confidential - Attorneys' Eyes Only" information by a party to this action.

17.     Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this order.

18.     When any third party produces documents or gives testimony pursuant to a request from a party in this matter, such third party may designate their testimony or documents as "Confidential" or "Confidential - Attorneys' Eyes Only" pursuant to this Protective Order.

19.     Within sixty (60) days after conclusion of this litigation and any appeal thereof, any document and all reproductions of documents produced by a party, in the possession of any

of the persons qualified under Paragraphs 3(a) through (g) and 3(i) shall be returned to the producing party or destroyed,  except as this Court may otherwise order and except to the extent such information was used as evidence at the trial unless such exhibits were filed under seal.  If Classified Materials are destroyed pursuant to this paragraph, the party destroying such Classified Materials shall certify in writing to the designating party that such destruction has occurred.

20.     This Protective Order shall continue to be binding after the conclusion of this litigation, except (a) that there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal, and (b) that a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of this Protective Order.

21.     Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order.

The parties, through their undersigned counsel, agree to the terms of this Stipulation and Protective Order.

DATED this 7th day of December, 2005.

BY THE COURT:


s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

APPROVED:

Dated:      December 6, 2005

s/ Glenn K. Beaton
     Glenn K. Beaton

Glenn K. Beaton
Robert C. Marshall
Amanda J. Tessar
GIBSON, DUNN & CRUTCHER LLP
1801 California Street, Suite 4100
Denver, CO 80202-2641
Telephone: (303) 298-5700
Fax: (303) 296-5310


Attorneys for Plaintiff
Competitive Technologies, Inc.

Dated:      December 6, 2005

s/ Natalie Hanlon-Leh
     Natalie Hanlon-Leh

Natalie Hanlon-Leh
Nina Y. Wang
FAEGRE & BENSON LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203
Telephone: (303) 607-3500
Fax: (303) 607-3600


Attorneys for Defendant
Carolina Liquid Chemistries Corporation