IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-01678-PSF-CBS

COMPETITIVE TECHNOLOGIES, INC., a Delaware corporation,

    Plaintiff,

v.

CAROLINA LIQUID CHEMISTRIES CORPORATION, a Delaware corporation,

    Defendant

## ORDER ON DEFENDANT'S MOTION FOR STAY

This matter comes before the Court on defendant's Motion to Stay Litigation (Dkt. # 30), filed December 13, 2005. Pursuant to defendant's Motion for Expedited Review of Its Motion to Stay (Dkt. # 31), filed on the same date, the Court on December 15, 2005, ordered plaintiff to file a response to the motion for stay no later than December 21, 2005. Defendant was also ordered to file any reply no later than December 27, 2005. The briefs have been filed and this matter is ripe for ruling. The Court does not believe a hearing is necessary.

**BACKGROUND**

A brief description of the proceedings in this case will put this motion in perspective. Plaintiff, Competitive Technologies, Inc. ("CTI"), a Delaware corporation located in Connecticut, filed this action in this district on August 29, 2005, alleging in a one-count complaint that Defendant Carolina Liquid Chemistries Corporation ("CLC"), a Delaware corporation located in California, is infringing its '658 patent. CTI alleges

in its complaint that the validity of its '658 patent has been upheld on appeal by the federal circuit in its decision in the case of *Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings*, 370 F.3d 1354 (Fed. Cir. 2004).  Complaint at ¶ 14.  That decision was based on a trial adjudication in this district.  As noted in *Metabolite Labs*, the '658 patent claims "methods for detecting cobalamin or folate deficiency.  Cobalamin and folate are both B vitamins, commonly known as $B_{12}$ and folic acid, respectively. A deficiency in these vitamins can cause serious illnesses in humans . . . .  If detected early enough, however, vitamin supplements readily treat the deficiency." 370 F.3d at 1358.

Defendant CLC has not yet filed an answer to the complaint, and it is not known to this Court if CLC asserts invalidity of the patent as an affirmative defense.  Rather than filing an answer, on October 11, 2005, CLC filed a motion to dismiss the complaint pursuant to F.R.Civ.P. 12(b)(2) and (3), asserting a lack of personal jurisdiction over it in Colorado and improper venue, and alternatively requesting a transfer of venue to the Central District of California (Dkt. # 12).  Judge Daniel of this district, to whom this case was originally assigned, struck defendant's motion for non-compliance with his chambers' procedures, and on October 13, 2005, CLC filed its Corrected Motion to Dismiss (Dkt. # 17). Simultaneously with the filing of the motion to dismiss, CLC filed a motion to stay discovery in the case pending a ruling on its motion (Dkt. # 13).

CLC withdrew that motion for a stay on October 27, 2005, when the parties entered into a stipulation providing for limited discovery on the issue of personal jurisdiction to be completed by December 21, 2005, and further stipulated that plaintiff would have through January 10, 2006 to file its response to the motion to dismiss (Dkt.

# 18).  This stipulation and briefing scheduled was incorporated into orders entered by Magistrate Judge Shaffer on November 1, 2005 (Dkt. # 23) and Judge Daniel on November 2, 2005 (Dkt. # 24).  On December 7, 2005, the case was reassigned from Judge Daniel to the undersigned judge upon Judge Daniel's *sua sponte* recusal due to a family member's professional affiliation with one party's counsel.

On December 13, 2005, Defendant CLC filed its current motion to stay all proceedings in this case.  The basis for this motion is that on October 31, 2005, the United States Supreme Court granted part of a *certiorari* partition in the above-referenced *Metabolite* case, in which the Federal Circuit had upheld plaintiff's '658 patent.  *Lab Corp. of Am. Holdings v. Metabolite Labs, Inc.*, 126 S.Ct. 601 (2005). Defendant CLC argues that if the Supreme Court reverses the Federal Circuit, and determines the patent invalid, this case will be at an end as "CTI will lose its entitlement to sue for infringement of the '658 patent." (Defendant's Motion at 3).

Plaintiff CTI responds that a stay should not be entered, as its alleged damages will mount during any stay, that Defendant CLC is not in a solid financial position thus jeopardizing its possible recovery of damages if there is delay, and that it is, in any event, seeking injunctive relief against continued infringement and any delay will further injure plaintiff's right to obtain full relief, particularly because the '658 patent expires on July 10, 2007.  Plaintiff's Opposition at 2-3.

On December 20, 2005, the parties stipulated to an extension of the discovery period on the personal jurisdiction and venue issues through January 13, 2006, and to a revised briefing schedule requiring plaintiff to submit its response to the motion to

3

dismiss by January 30, 2006, and defendant to reply by February 14, 2006 (Dkt. # 33). On December 21, 2005, Magistrate Judge Shaffer approve the revised schedule.

**ANALYSIS**

For the reasons set forth below, the Court finds that defendant's motion for a stay of all proceedings in this case should be denied at this time given the procedural posture of the case.

Defendant may well be correct that if the Supreme Court finds the '658 patent to be invalid such ruling would terminate CTI's entitlement to sue for infringement. On the other hand, it is far from clear that the issue upon which the Supreme Court granted *certiorari* is likely to be resolved in a manner leading to wholesale invalidity of the'658 patent. In any event, defendant's pending motion to dismiss, or alternatively to transfer venue, if granted, would also terminate CTI's right to sue for patent infringement, at least in this Court. Thus while the time may come for a court to consider a merits determination based on a ruling in the pending Supreme Court case, this Court finds that the benefits of an overall stay have not yet been conclusively demonstrated. First this Court must decide if this case can even proceed in this district. By the time that decision is reached, the patent litigation in the Supreme Court may be resolved, or nearly so, if defendant's projected schedule for that case is met. *See* Defendant's Motion at 8. Thus, to stay this action now may well be putting the "cart before the horse." Moreover, plaintiff's cries of urgency do not ring hollow.

Accordingly, the defendant's motion for a stay of all proceedings (Dkt. # 30) is DENIED without prejudice to renew the motion at such time as this case begins to

proceed on the merits.  But first, the Court directs the parties to complete the personal jurisdiction discovery they agreed to undertake after the certiorari petition had been granted in part, and file the briefs they have agreed to file on defendant's motion to dismiss.  This Court will attempt to rule expeditiously on that motion.  Thereafter, whether a stay of any then pending proceedings is appropriate will be considered upon motion by either party.

Dated: January 3, 2006

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge